UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| EUNICE M. SPEARS, et al., ) | |
| ) | |
| Plaintiffs ) | |
| ) | Case No. 1:07-CV-58 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| MICHAEL COOPER, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM**

Before the Court is a motion by Plaintiffs for relief from judgment under Fed. R. Civ. P. 60 (Court File No. 207), requesting the Court to alter or amend its Order of March 30, 2009, which dismissed without prejudice Plaintiffs' state law claims and granted summary judgment to the Cleveland Defendants on Plaintiffs' failure to train theory of municipal liability (Court File No. 205). Defendant Bradley County, Tennessee has filed a response in opposition (Court File N o. 210). The Court will **GRANT IN PART** and **DENY IN PART** this motion.

Plaintiffs assert they have brought this motion under Rule 60(a)&(b). However, one day after Plaintiffs filed this motion, Defendants City of Cleveland and Matthew Ruth filed a notice of appeal from the Court's denial of Ruth's motion for summary judgment on qualified immunity grounds (Court File No. 209). Generally, a district court cannot rule on a Rule 60(b) motion if a notice of appeal has been filed before the court decides on the motion. *Sec. & Exch. Comm'n v. Johnston*, 143 F.3d 260, 263 (6th Cir. 1998); *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993) ("As a general rule, a district court no longer has jurisdiction over an action as soon as a party files a notice of appeal, and at that point the appellate court assumes jurisdiction over the matter."). Admittedly, the situation here differs from the "classic" appeal divesting the Court of jurisdiction,

in that one side (Plaintiffs) filed the Rule 60 motion while another side (the Cleveland Defendants) filed the notice of appeal, and in that the grounds for the Rule 60 motion are entirely separate from the grounds on which the Cleveland Defendants took their appeal. Yet out of an abundance of caution, the Court will not decide Plaintiffs' motion under Rule 60(b), despite authority suggesting the Court may "entertain" a motion on such grounds without actually granting it. *First Nat'l Bank of Salem v. Hirsch*, 535 F.2d 343, 346 (6th Cir. 1976) (per curiam) ("If the district judge is disposed to grant the motion, he may enter an order so indicating and the party may then file a motion to remand in this court."). Moreover, consideration under Rule 60(a) would be inappropriate here because that subdivision's application is limited to clerical mistakes or oversights; it cannot be used to correct substantive legal errors. *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 363–64 (6th Cir. 1990).

Instead, the Court views this situation as one best addressed by Fed. R. Civ. P. 59(e), providing district courts a means to alter or amend a judgment. A court may grant a Rule 59(e) motion to alter or amend if there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change of controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). The motion must seek a substantive alteration, rather than a mere clerical correction. *See Kalamazoo Acquisitions, L.L.C. v. Westfield Ins. Co.*, 395 F.3d 338, 341 n.7 (6th Cir. 2005).

Using this standard, the Court turns first to Plaintiffs' motion regarding their state law claims. Plaintiffs first asserted the state claims in an action filed in this Court on June 29, 2006. E.D. TN. Case No. 1:06-CV-142. This first action was dismissed without prejudice by judgment

order on April 4, 2007 (E.D. TN. Case No. 1:06-CV-142, Court File No. 52), and the instant action, containing identical state claims, commenced by removal from Bradley County Circuit Court on March 13, 2007 (Case No. 1:07-CV-58, Court File No. 1 Ex. 1). Plaintiffs brought their state claims under the Tennessee Governmental Tort Liability Act ("TGTLA"), which includes a one-year statute of limitations. Tenn. Code Ann. §§ 29-20-205, -305(b). Normally, Plaintiffs would have had one year after the dismissal of the first action to re-file the case in state court, *id.* § 28-1-105, and the federal supplemental jurisdiction statute would have tolled the state statutes of limitation while this action was pending in federal court, 28 U.S.C. § 1367(d). However, the Tennessee Supreme Court has ruled claims under the TGTLA are tolled neither by the general Tennessee provision nor by the federal provision. *Lynn v. City of Jackson*, 63 S.W.3d 332, 337–38 (Tenn. 2001). Thus, were the Court to hold to its original Order dismissing the state claims, *Lynn*'s holding would operate to time-bar those claims from being re-filed in state court, notwithstanding the Tennessee general savings provision or the federal supplemental jurisdiction statute.

This statute of limitations issue came to the Court's attention only when Plaintiffs raised it in their motion (Court File No. 207). Plaintiffs are correct in surmising the Court intended to preserve their ability to litigate their state law claims in state court, not to extinguish those claims entirely. Dismissal of Plaintiffs' claims would result in irrevocable prejudice to their ability to pursue those claims in state court, a manifest injustice this Court did not intend. Accordingly, the Court will **GRANT** this part of Plaintiffs' motion in that it will **AMEND** the state law claim portion of its previous Order (Court File No. 205) to **REMAND** those state law claims to the Circuit Court of Bradley County, Tennessee, not to dismiss them.

The Court then turns to Plaintiffs' argument that the Court should reconsider the grant of

summary judgment to the City of Cleveland on Plaintiffs' failure to train theory of municipal liability. Plaintiffs assert an inadvertent photocopying error led them to omit the relevant deposition excerpt from their summary judgment evidence. The Court relied on this omission in granting summary judgment on this theory. Plaintiffs have included the missing excerpt as an exhibit to the instant motion.

Even after looking over the submitted deposition excerpt, the Court holds to its original ruling. The deposition of Lamar Anderson, one of the supervising officers in the City of Cleveland Police Department, establishes the department's policy on in-custody death syndrome has been "read and discussed" without a formal training program. Anderson further stated he did not recall if he had read the policy to his officers at their briefing (Anderson Dep. at 36). To succeed on their failure to train theory, Plaintiffs must prove: "(1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury." *Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (citing *Russo v. City of Cincinnati*, 953 F.2d 1036, 1046 (6th Cir. 1992)).

Even assuming this slice of deposition testimony established the first prong of the *Ellis* test, Plaintiffs have not submitted sufficient evidence to show any inadequacy was the result of the City of Cleveland's deliberate indifference. To demonstrate deliberate indifference, Plaintiffs "must show prior instances of unconstitutional conduct demonstrating that the [municipality] has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury," *Plinton v. County of Summit*, 540 F.3d 459, 464 (6th Cir. 2008) (quoting *Fisher v. Harden*, 398 F.3d 837, 849 (6th Cir. 2005)), or show "a single violation of federal rights,

4

accompanied by a showing that a municipality has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation," *id.* (quoting *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 409 (1997)). Plaintiffs here have submitted no such evidence establishing ignorance of a pattern of similar past abuses, or showing a failure to train employees to handle recurring situations. While Plaintiffs' evidence focuses on the training which may have affected the application of the in-custody death syndrome policy to their decedent, they present no evidence regarding whether there was a systemic failure to train on this policy in the past, or whether similar incidents resulted from any failure to train. Thus, even had the Plaintiffs submitted this deposition testimony originally, it would not have changed the Court's outcome on their failure to train theory.[1] Accordingly, the Court will **DENY** this part of Plaintiff's motion (Court File No. 207).

    **SO ORDERED.**

    **ENTER:**

                                **/s/**
                                **CURTIS L. COLLIER**
                                **CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] At this point (unless the outcome changes on appeal), Plaintiffs may still proceed against the City of Cleveland under their "no transport" policy theory of municipal liability.